MEMORANDUM **
Tara Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge’s (IJ) decision denying him asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.
1. The record does not compel the conclusion that Singh suffered past persecution by the Indian police. Singh’s mistreatment by the police, while reprehensible, occurred only once. Singh was detained for less than a day, did not report any injuries, and voluntarily returned to the police station on two separate occasions after this incident without further problems. Prasad v. I.N.S., 47 F.3d 336, 339-40 (9th Cir.1995) (minor abuse of applicant during brief detention and interrogation did not compel a finding of past persecution); Gu v. Gonzales, 454 F.3d 1014, 1020 (9th Cir.2006) (brief detention and beating did not compel a finding of past persecution).
The record does, however, compel the conclusion that Singh suffered past persecution at the hands of the Bhindranwale Tiger Force (BTF). Credible death threats, combined with an actual assassination attempt shortly thereafter, substantially supports a finding of past persecution. See Navas v. I.N.S., 217 F.3d 646, 658 (9th Cir.2000) (holding that the petitioner “unquestionably demonstrated persecution” where he was “threatened with death,” “he was shot at,” and two of his family members were murdered). Therefore, Singh has unquestionably demon *321 strated that he suffered past persecution at the hands of the BTF.
2. Because Singh established past persecution, “a rebuttable presumption of a well-founded fear of future persecution arises.” See Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir.2004) (citing 8 C.F.R. § 208.13(b)(1)). Despite the BIA’s error in concluding that Singh did not suffer past persecution, substantial evidence nonetheless supports the BIA’s alternative holding that there has been a fundamental change in country conditions such that Singh does not face a well-founded fear of future persecution. Administrative Record at 4. The BIA expressly upheld the IJ’s determination that “there is ample evidence that circumstances in India have fundamentally changed such that he cannot establish a well-founded fear of future persecution.” Administrative Record at 4, 49. The BIA properly considered various State Department country reports indicating that conditions for Indian Sikhs have dramatically improved, the period of Sikh militancy has ended, India has elected a Sikh prime minister, and that the BTF is now largely defunct. Further, the BIA properly found that Singh’s three voluntary return trips to India without incident to attend public gatherings further undermines his claim of a well-founded fear of future persecution at the hands of the BTF. See Loho v. Mukasey, 531 F.3d 1016, 1017-18 (9th Cir.2008) (voluntary return trips “militates against a finding of past persecution or a well-founded fear of future persecution”).' Accordingly, substantial evidence supports the BIA’s denial of asylum. Contrary to the position of our colleague in dissent, we see no reason to order a remand to. repeat an analysis on fundamental change in country conditions that has already been completed.
3. Because Singh has failed to establish eligibility for asylum, he “necessarily fails to establish eligibility for withholding of removal.” Cruz-Navarro v. I.N.S., 232 F.3d 1024, 1031 (9th Cir.2000) (quoting Singh-Kaur v. I.N.S., 183 F.3d 1147, 1149 (9th Cir.1999)).
4.The record does not compel the conclusion that “it is more likely than not” Singh will be tortured if he returns to India. See Bromfield v. Mukasey, 543 F.3d 1071, 1079 (9th Cir.2008) (“[Petitioner] is entitled to relief under CAT if he establishes that he would more likely than not be tortured in [his home country].”).
The Petition for Review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.